## Hayes's Election.

*Appeals—Jurisdiction—Supreme and Superior Court—Election contest—*
*Question of costs—Title to public office.*

An appeal from a judgment of the court of quarter sessions, where the only matter in controversy is liability for costs in a contested election, must go to the Superior and not to the Supreme Court. Thomas's Election, 198 Pa. 546, explained.

Appeal, No. 255, Jan. T., 1905, from decree of Q. S. Lackawanna Co., April Sess. 1903, No. 283, in the Matter of the Election of John Hayes, to the office of Burgess of Old Forge. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Remitted to Superior Court.

Appeal from decree imposing costs on the petitioners in a contested election case.

The case is stated in the opinion of the Supreme Court.

*A. A. Vosburg*, with him *John H Bonner, James E. Watkins* and *Edward W. Thayer*, for appellants.

*M. J. Martin*, with him *John J. Toohey*, for appellee.

PER CURIAM, March 19, 1906:

This case being an appeal from the judgment of the quarter sessions should have gone to the Superior Court. The language of the act of 1895 conferring jurisdiction on the Superior Court includes " all proceedings of any kind in the court of quarter sessions . . . . except cases involving the right to a public office." The present controversy does not involve any question of title to public office but only a matter of liability for costs in a contested election.

Appellants were no doubt misled by the case of Thomas's Election, 198 Pa. 546, where this court entertained an appeal on what appears to be a similar question. That case in the court below involved the right to the public office of constable, though such right did not continue to be involved in the particular questions raised on the appeal. But it appears from an

examination of the paper-books that the appeal was based on the alleged unconstitutionality of the Act of April 28, 1899, P. L. 118, if construed as the court below had construed it to be retroactive. No question was raised by either party as to the jurisdiction, and as the constitutional question was one that would ultimately come before it this court overlooked the fact that the appeal should have gone to the Superior Court first. In the present case, however, our attention having been drawn to the question of jurisdiction, we must adhere to the clear statutory lines.

The case is remitted at the costs of appellant to the Superior Court.